UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER DEMON ARNOLD,

    Plaintiff,

v.                                    Case No. 2:23-cv-604-JES-NPM

A. TORRAS,

    Defendant.
_____/

## ORDER OF DISMISSAL

Christopher Demon Arnold, an inmate of the Florida Department of Corrections, brings this pro se 42 U.S.C. § 1983 action against Defendant A. Torras, a correctional officer at Charlotte Correctional Institution. (Doc. 1). Arnold asserts that Officer Torras attacked him without reason on January 7, 2012, causing a broken tooth and injuries to his face. (Id. at 5). Plaintiff seeks monetary damages. (Id.) The complaint is before the Court for initial screening.[1]

---

[1] The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the complaint—or any portion thereof—that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or that states no claim upon which relief can be granted. 28 U.S.C. § 195(b)(1), (2). The Court may sua sponte dismiss a prisoner's complaint prior to service. See 28 U.S.C. § 1915A(a).

Upon review, the Court concludes that Arnold's complaint must be dismissed as filed after the expiration of Florida's four-year statute of limitations applicable to 42 U.S.C. § 1983 actions.

## Discussion

Arnold makes very few factual allegations in his complaint. He generally alleges that he was attacked by Defendant Torres on January 7, 2012 for no reason, and that the assault led to a broken tooth and facial injuries. (Doc. 1 at 5). He states that he filed a grievance about the attack and that the grievance was approved. (Id. at 7). However, as explained below, the complaint is barred by a four-year statute of limitations for 42 U.S.C. § 1983 actions.

Constitutional claims under § 1983 are tort actions subject to the statute of limitations for personal injury actions in the state where the action is filed, which in Florida is four years. See City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"). Dismissal of a prisoner's complaint as time-barred is appropriate when it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (citing Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1280 (11th Cir. 2001)).

Generally, the statute of limitations begins to run when "facts which would support a cause of action [were] apparent or should [have been] apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561–62 (11th Cir. 1996) (internal quotations and citation omitted). The alleged attack by Defendant Torras occurred more than eleven years before Arnold filed this complaint. Arnold would have known of the attack on the day it occurred, and he does not offer any facts to support tolling the statute of limitations. Accordingly, this claim is barred by the four-year statute of limitations that expired on January 7, 2016. See Burt v. Martin, 193 F. App'x 829, (11th Cir. 2006) (affirming dismissal of prisoner complaint under 28 U.S.C. § 1915A because the inmate learned of his alleged injury at the time of the Eighth Amendment violation, and his complaint was filed more than five years later).

Because Arnold can prove no set of facts that would avoid a statute of limitations bar, this case must be dismissed as frivolous under 28 U.S.C. § 1915A(b)(1). Smith v. Shorstein, 217 F. App'x 877, 880 (11th Cir. 2007) (explaining that the "expiration of the statute of limitations warrants dismissing a complaint as frivolous"); Clark v. Georgia Pardons and Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous.").

Accordingly, it is now **ORDERED**:

1. Plaintiff's complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1) as time-barred.

2. The **Clerk of the Court** is directed to terminate all pending motions, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on August 16, 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to:    Christopher Demon Arnold

4